## 11361. HENNON v. JONES.

1. Estoppel of the plaintiff to assert title to the automobile which she was seeking to recover in trover, and which had been seized while in her husband's possession, carrying intoxicating liquor, and sold under condemnation proceedings, was shown by uncontradicted evidence; and the court did not err in directing a verdict for the defendant. STEPHENS, J., dissents.
2. The assignments of error as to the admission and exclusion of evidence do not show reversible error.

DECIDED JULY 19, 1920.

Trover; from city court of Floyd county—Judge Nunnally. December 17, 1919.

*W. B. Mebane,* for plaintiff.

*L. H. Covington, J. F. Kelly,* for defendant.

SMITH, J. Mrs. Hennon brought trover against Jones in the city court of Floyd county. At the trial it was admitted in open court by both parties that the sole issue was the question of title to the automobile sued for. It was further admitted that this automobile had been seized by the sheriff of Floyd county on a public highway in that county, and that at the time of the seizure it contained five gallons of whisky; that condemnation proceedings had been instituted, and that under this proceeding the defendant purchased the car at the sheriff's sale. The plaintiff is the wife of the man who was operating the automobile when the whisky was found in it. She testified that her money had paid for the car, and that she knew nothing about the whisky being in it or that it was being used for that purpose. She admitted on cross-examination that she had owned four cars, trading them one for the other until this car was bought. She also admitted that she had never signed any notes for the Buick car which was traded for this Ford car, that her husband made the trade and gave his notes for the difference. She testified that her husband was acting for her, and used this language, "He is my *general agent* to do anything whenever I ask him to. He would tell me when he was going to use the car. The purpose of his telling me was not for the purpose of getting the car, but for the purpose of telling me where he was going and what time he would be back with it. He was my agent for trading generally. Me and him farmed together. He bought stuff on my account. He has authority to do that. He had general authority from me in reference to this Ford car." She further

testified that she "did not know when he [the husband] got the car on the night the whisky was found in it. He got up some time that night without my knowledge, and I did not know where he was until nine o'clock the next morning. . . When this automobile was taken in by the sheriff I told my husband to go and tell the sheriff it was mine," and try to get him to give it up; that she sent her husband to Mr. Mebane to see what he could do, and that she herself went to see Mr. Mebane about getting the car back; that she "employed Mr. Mebane in that condemnation proceeding. He told me he would try to help me get it. He was my attorney. I employed him to get my car." The defendant introduced in evidence a consent order for the sale of the automobile in question. This order was consented to by Mr. Mebane. The sheriff testified that "Mr. Mebane agreed to let the car go on and be sold." In rebuttal the plaintiff testified: "I sent my husband to Mr. Mebane about getting the car; that was on the day after the car was taken, and in three days I came to see if I could get it. Put in a claim bond. My husband and I went together to see Mr. Mebane." The consent order in question was signed by W. B. Mebane as attorney for Smiley Hennon, the husband of plaintiff.

This evidence shows conclusively that the husband had general authority as to the use of the car in question, and that he also had authority to employ an attorney to represent both him and his wife as to the transaction; and also that the husband's notes were given for the car, and that the wife (the plaintiff) was present in the office of the attorney when the consent order was agreed upon.

It follows that this evidence demanded a finding that the plaintiff, the wife, was estopped by her conduct from claiming the title to the car bought by the defendant at the condemnation sale; and that the court therefore did not err in directing a verdict for the defendant.

*Judgment affirmed. Jenkins, P. J., concurs.*

STEPHENS, J., dissenting. I cannot agree to the conclusion that the evidence demanded a verdict for the defendant. I concede that had Mrs. Hennon consented to the sale of the automobile, she would now be estopped from asserting title in the trover suit to recover the property from the purchaser. The evidence, however, does not conclusively show that she consented to the sale. It does not necessarily demand any such inference. The giving

of general authority to the husband to use the car or to employ an attorney to represent her in her efforts to recover the car and defeat its sale under condemnation proceedings, or the employment herself of an attorney for such purpose, with general authority to represent her, does not demand the inference that either the husband or the attorney had the right to bind her by a sale of the car or a settlement of the case. Besides, if either had any such authority, the evidence does not demand the inference that he exercised it. Mr. Hennon's agreement, through his attorney, to a consent order in his own case, to which Mrs. Hennon was not a party, in law binds him alone, and not her. His conduct in his own case, where he does not expressly act also for his wife, does not necessarily demand the inference that he was in fact also acting for her and under any authority which he may have had from her. The action of Mr. Hennon's attorney, in agreeing to this consent order, in law bound only Mr. Hennon, and did not bind Mrs. Hennon, who was not a party to the case. The attorney's conduct, therefore, in agreeing to this consent order, whatever authority he may have had to act for Mrs. Hennon, does not demand the inference that he was at the time acting for her. Nor does the fact that she was present in the office of the attorney when this consent order was agreed upon demand such an inference. Nor did her presence there under such circumstances demand the inference that she consented to the sale of the car. The consent order recites the case as the State of Georgia versus Smiley Hennon as the owner of an automobile seized in the transportation of intoxicating liquors, and states that "The said Smiley Hennon now agrees that said automobile be sold," etc., which is signed "W. B. Mebane, Att'y for Smiley Hennon."

The evidence authorized the inference that the car belonged to the plaintiff, even though it may be said that her husband's money purchased the same and he signed the purchase-money notes. He certainly had a right to make a gift of the car to his wife. She, however, testified that the car was bought with her own money.

Under no circumstances can the wife's title to the car be divested in any condemnation proceeding against the husband alone and to which she is not a party. Such proceeding affects only *his* legal rights. The sale passed no title from her unless she consented thereto.

I am therefore of the opinion that it was improper for the trial judge to direct a verdict for the defendant. It was not necessary to express any opinion upon the other assignments of error.